**HALLE ENTERPRISES, INC. and COMAR Management, Inc., Petitioners,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Fidel Perez, et al., Intervenors.**

**No. 00–1325.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 13, 2001.

Decided April 27, 2001.

On Petition for Review and Cross–Application for Enforcement of an Order of the National Labor Relations Board.

Fred S. Sommer argued the cause and filed the briefs for petitioner. James E. McCollum, Jr. entered an appearance.

Ruth E. Burdick, Attorney, National Labor Relations Board, argued the cause for respondent. With her on the brief were Leonard R. Page, General Counsel, John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, and Margaret A. Gaines, Supervisory Attorney.

James E. McCollum, Jr. was on the brief for intervenors Fidel Perez, et al.

Before: SENTELLE, TATEL and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge GARLAND.

GARLAND, Circuit Judge.

The National Labor Relations Board issued an order requiring Halle Enterprises, Inc. to reinstate and make whole eleven employees whom the company had fired for complaining about wages, hours, and working conditions. The question before us is whether the company's voluntary offer of reinstatement to four of the employees tolled their right to backpay. The Board held that it did not, because the offer was not firm, clear, and unconditional. Substantial evidence supports the Board's finding, and we therefore deny the company's petition for review and grant the Board's cross-application for enforcement of its order.

I

Halle Enterprises is in the business of building homes and managing apartment complexes. On the morning of November

4, 1997, eleven of the company's maintenance technicians complained to their supervisor about wages, hours, and working conditions, including the unavailability of safety equipment. Not long thereafter, Wayne Ellis, the company's property manager, arrived on the scene and fired all eleven workers. The next day, November 5, Ellis told the employees that they could have their jobs back if they filled out new applications. When the employees learned that Ellis' offer did not include their current benefits and seniority, they refused.

The National Labor Relations Board (NLRB) held that Halle Enterprises violated section 8(a)(1) of the National Labor Relations Act by firing the eleven employees on November 4. *Halle Enters., Inc.,* 330 N.L.R.B. No. 163, 2000 WL 363063, at *1, 4 (March 31, 2000).[1] The Board also found that on or about November 7, Warren Halle, the company's president, told Israel Flores, the employees' spokesman, that he wanted the four most senior technicians to come back to work without any conditions. The Board further determined, however, that when the four attempted to return to work on or about November 10, they were met by Ellis, who told them they could retain their current benefits and seniority only if they signed a waiver agreeing not to participate in legal action against the company. When the four senior employees refused to sign the waiver, Ellis told them they could not return to work.

The NLRB's Administrative Law Judge (ALJ) had determined that Warren Halle's unconditional offer tolled the company's obligation to pay the four employees backpay as of November 7, despite Ellis' subsequent insistence that they sign a waiver as

---

1. Section 8(a)(1), 29 U.S.C. § 158(a)(1), makes it an unfair labor practice "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed" in section 7 of the Act, which include the right to engage in concerted activities for the purpose of "mutual aid or protection," 29 U.S.C. § 157.

a condition of reinstatement. The Board disagreed with the ALJ. It held that Ellis' subsequent demand superseded Halle's initial offer and rendered the company's offer conditional. *Halle Enters.*, 2000 WL 363063, at *2 & n. 8. The Board found that at the time the employees reported for reinstatement, they had "every reason to conclude" that Ellis was stating the full terms of the company's offer, "including any amendments that might have been made to Halle's offer since it was originally made." *Id.* at *2 n. 8. The Board ordered reinstatement and full backpay for all eleven discharged workers.

## II

 When the NLRB determines that an employer has unlawfully discharged an employee, its normal course is to issue a make-whole order requiring reinstatement and backpay. *See Darr v. NLRB*, 801 F.2d 1404, 1407 (D.C.Cir.1986); *Roma One Enters.*, 325 N.L.R.B. 851, 852, 853, 1998 WL 307256 (1998); *F.W. Woolworth Co.*, 90 N.L.R.B. 289, 291, 1950 WL 9339 (1950); *see also Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 902, 104 S.Ct. 2803, 81 L.Ed.2d 732 (1984). An employer's offer of reinstatement tolls the accrual of backpay, but only if the offer is "firm, clear, and unconditional." *Consol. Freightways v. NLRB*, 892 F.2d 1052, 1056 (D.C.Cir.1989) (quoting *Lipman Bros., Inc.*, 164 N.L.R.B. 850, 853, 1967 WL 19127 (1967)); *accord Krist Oil Co.*, 328 N.L.R.B. No. 108, 1999 WL 448441, at *5 (June 28, 1999). "It is the employer's burden to establish that it made a valid offer of reinstatement." *Roma One Enters.*, 325 N.L.R.B. at 852.

Halle Enterprises concedes that it committed an unfair labor practice by discharging the eleven employees. It challenges neither the Board's order requiring their reinstatement, nor the mandate to provide full backpay for the seven junior technicians. The company attacks the order only to the extent that it awards backpay to the four senior employees subsequent to the date of Halle's reinstatement offer. The company does not dispute that Ellis' offer was conditional, and that *if* his was the last offer received by the four senior technicians, it would have superseded Halle's offer and prevented tolling of their backpay. The company contends, however, that it was Halle's offer that came last.

 According to company counsel, the only issue in this case is whether the Board was correct in finding that Ellis' conditional offer was the last one communicated to the employees. We adopt this formulation of the issue on appeal with one caveat. Our role is not to determine de novo whether the Board's factual finding was correct. Rather, we are limited to determining whether it is "supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e); *see Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951). To that end, we ask only "whether on this record it would have been possible for a reasonable jury to reach the Board's conclusion." *Capital Cleaning Contractors, Inc. v. NLRB*, 147 F.3d 999, 1004 (D.C.Cir.1998) (quoting *Allentown Mack Sales & Serv., Inc. v. NLRB*, 522 U.S. 359, 366–67, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998)). And in making that determination, we give "substantial deference to the inferences drawn by the NLRB from the facts." *Time Warner Cable v. NLRB*, 160 F.3d 1, 3 (D.C.Cir.1998).

 We conclude that there is substantial evidence to support the Board's finding. Israel Flores testified that Ellis' November 10 offer of reinstatement, which included the waiver condition, was the last offer the employees received from the

company. J.A. 66, 68–69. Warren Halle himself testified that he "probably" made his unconditional offer two or three days after the November 4 incident, J.A. 187, which the ALJ concluded put it on or about November 7—several days before Ellis' conditional offer of November 10. *Halle Enters.*, 2000 WL 363063, at *5.

The company's only response is that, notwithstanding Halle's testimony, it was logically impossible for him to have made his unconditional offer until after Ellis insisted upon a waiver on November 10. The company notes that Halle testified he told Flores that the employees would not have to sign anything in order to return to work, and that the ALJ credited that testimony. *Id.* at *5. It would not have been logical for Halle to have referred to the signing of a document, the company argues, unless Ellis' insistence upon a waiver had come before.

This purported inconsistency within the testimony of the employer's own president is a weak reed upon which to base a claim that the NLRB lacks substantial evidence to support its factual finding. In any event, there is no logical conundrum here. The company's argument assumes that November 10 was the first time Ellis told the employees they would have to sign a waiver in order to regain their jobs. But one of the fired employees, Jose Alfaro, testified that Ellis first made that demand the day after the firings—November 5— when he offered all eleven employees reinstatement, but without benefits or seniority. *See* J.A. 93 (Alfaro Tr.) ("[H]e told us ... that we were going to lose all of our benefits, and that he wanted us to sign a note stating that there was nothing that we could do against the company."). The company did not cross-examine Alfaro on

the point, and offered no rebuttal. Moreover, Halle did not testify as to how or when he learned of the waiver requirement, nor even expressly associate it with Ellis.

In light of the above, Halle's testimony plainly does not render it impossible "for a reasonable jury to reach the Board's conclusion" that Ellis' conditional offer of November 10 was the last one the employees received. *Allentown Mack*, 522 U.S. at 367, 118 S.Ct. 818. Accordingly, we have no cause to displace this finding of fact. Indeed, that is particularly so since it is undisputed that "the burden is on the [employer] to communicate to its employees an offer that is firm, clear, and unconditional." *Halle Enters.*, 2000 WL 363063, at *2.

### III

One final loose end remains to be secured. In addition to Halle and Ellis, a third manager—Vice President Joe Dodson—also made an offer of reinstatement to the four senior employees. The ALJ found, however, that Dodson's offer was conditional, and was made after Halle's unconditional offer and before Ellis' conditional one. *Halle Enters.*, 2000 WL 363063, at *4, 5 & n. 7. The Board affirmed. *Id.* at *1, 2.

The company disputes the ALJ's findings on both counts, contending that Dodson's offer was unconditional and that it came after Ellis'. But even if Dodson *intended* his offer to be unconditional, its wording hardly met the employer's burden of *communicating* an offer that was "firm, clear, and unconditional." *Consol. Freightways*, 892 F.2d at 1056; *Roma One Enters.*, 325 N.L.R.B. at 852.[2] We need

---

**2.** According to Dodson, he told the employees: "You would return under the same conditions that you left insofar as salary, benefits.

The only thing that they would not receive is any money for time away from their job. No

not belabor the point, however, as there is substantial evidence to support the Board's finding that Ellis' offer was the last one the employees received.[3] Since it is undisputed that under Ellis' offer, reinstatement was improperly conditioned upon the signing of a waiver, Dodson's earlier offer simply does not affect the employees' right to backpay.

## IV

Substantial evidence supports the NLRB's determination that the ultimate offer of reinstatement made by Halle Enterprises to its unlawfully discharged employees was conditional. As a consequence, that offer did not toll the employees' entitlement to backpay. We therefore deny the petition for review and grant the Board's cross-application for enforcement.

*other* conditions were made." J.A. 177 (emphasis added).

3. *See* J.A. 65–69 (Flores Tr.) (testifying that, although Dodson said the four senior employees should go back to work, when they arrived Ellis insisted upon a waiver, and that thereafter the company did not again offer reinstatement); J.A. 162 (Medina Tr.) (testifying that, although Dodson said he wanted the four to go back to work, when they came to the office Ellis required them to sign the waiver document before starting).